GLICKSTEIN, Judge.
This is a timely appeal from an order committing appellant to the Department of Health and Rehabilitative Services for involuntary hospitalization, following a non-jury acquittal by reason of insanity as to two counts of second degree murder.
Paragraphs 2 and 6 of the order being appealed require consideration and read as follows:
2. That the Defendant be and hereby is considered by the Court manifestly dangerous to the peace and safety of the people and property of the State of Florida due to his past history of unlawful conduct and the crimes committed against the property and people of the State of Florida.
******
6. The Defendant, Willie Ingram, shall not be discharged by this Court to the Community until such time that he can be discharged without dependence on psychotropic medications, such as the medications the Defendant is currently receiving.
The determinative test for involuntary hospitalization of one acquitted by reason of insanity is whether the acquittee, if released, would be likely to injure himself or others. Hill v. State, 358 So.2d 190 (Fla. 1st DCA 1978).[1] Accordingly, paragraph 2 of the order is facially deficient, notwithstanding the following remark by the trial court at the hearing being conducted, pursuant to Fla.R.Crim.P. 3.210(e)(9)[2]:
I further think that he is likely to injure himself or others if allowed to remain at liberty.
Accordingly, we remand to the trial court to enter a further order, with or without additional evidence as the trial court finds necessary, which recites the trial court’s criteria for committing appellant.
*465 We strike paragraph 6 of the trial court’s order as premature and anticipatory, it being the responsibility of the trial court upon the filing of some petition for release in the future to decide whether:
[A] preponderance of all the reasonably available evidence shows that in his release there is no longer a likelihood of injury to others as a result of mental illness. Hill, supra, at 203.
We are not ruling that appellant must be released if still dependent upon psychotropic drugs in the future; nor do we decide what evidence the trial court must consider upon a petition for release.[3] Instead, paragraph 6 of the committing order is stricken on the basis that it addresses the issue of release rather than commitment and was, therefore, prematurely considered in the order committing appellant for involuntary hospitalization.
Stricken in part, and remanded.
BERANEK and HERSEY, JJ., concur.

. The learned opinion in Hill traces the history of the two determinative standards; namely, “likely to injure” and “manifestly dangerous.”

. Fla.R.Crim.P. 3.210(e)(9):
When a person tried for an offense shall be acquitted for the cause of insanity, if the Court shall then determine that the defendant presently meets the criteria set forth in section 394.467(1), Florida Statutes (1975), the Court shall commit the defendant to the Department of Health and Rehabilitative Services for involuntary hospitalization, or shall order that he receive outpatient treatment at any other appropriate facility or service on an outpatient basis, or shall discharge the defendant. The Department of Health and Rehabilitative Services shall treat the defendant so committed as any other patient who has been involuntarily hospitalized by civil proceedings, except that proper security precautions shall be taken with respect to said defendant. The Court committing the defendant shall at all times retain jurisdiction of the cause and shall make all determinations relative to continued hospitalization (other than the form of treatment) or release of the defendant.

. We take note that the court in its thorough examination of the subject in Hill v. State, supra, opined:
. By evidence the court is to be given a rich understanding of the patient’s medical history, present condition and behavior; prospective environment at liberty; the available resources for professional and lay observation and control; and the practicality of monitoring the success of a release plan. 358 So.2d at 208.